## TEXAS CO. v. WRIGHT et al.
### No. 1160.

Court of Civil Appeals of Texas. Waco.
March 3, 1932.

Wm. K. Hall, of Houston, for appellant.

Bryant & Williford, of Wortham, for appellees.

BARCUS, J.

Appellees, the owners of lots 7 and 8, block 1, in Wortham, instituted this suit against appellant, the Texas Company of Delaware. They alleged appellant had leased all of block 1 owned by them in the city of Wortham for oil purposes, except lots 7 and 8 in said block 1, and that Mike Kori had leased said two lots, and that without their knowledge and consent appellant had permitted Mike Kori to place oil tanks and slush pits on the property of appellees which appellant had under lease. The cause was tried to the court and resulted in judgment being entered for appellees for $125, the amount the court found it would require to remove the obstructions placed on the property by Mike Kori and restore the property to its original condition.

Appellant contends that the judgment is without pleading or evidence to support same, in that it is shown without dispute that appellant did not have any property leased from appellees and did not authorize, permit, or consent to Mike Kori placing anything on the property of appellees; its contention being that at the time the acts complained of were committed it was not doing business in Texas, but that the Texas Company, a Texas corporation, if any one, authorized the acts to be committed of which complaint is made. Its further contention is that, if there is any dispute about said issue, the cause should be reversed for the reason the trial court failed and refused to file findings of fact and conclusions of law after a request therefor had been by it seasonably made. We sustain these contentions. The record shows that the Texas Company, a Texas corporation, in 1925 obtained from the Kirby Petroleum Company, to whom appellees had leased same, the oil lease on all of block 1 in the city of Wortham, save and except lots 7 and 8; that at said time the Kirby Petroleum Company or Mike Kori owned the oil lease on said two lots; that Mike Kori drilled a well on said two lots and built his oil tanks and slush pits on a portion of the property on which the Texas Company held the oil and mineral lease; that said tanks and slush pits were built during the years 1925 and 1926; that in April, 1927, the Texas Company was duly and legally dissolved, and immediately thereafter the Texas Company of Delaware, a Delaware corporation, was given a permit to do business in Texas and the Delaware corporation purchased all of the assets of the Texas Company and assumed all of its obligations.

Appellees alleged that the Texas Company of Delaware committed the acts of which they complain, and the testimony tends to show that at the time said acts were committed said corporation was not doing business in Texas and that the Texas Company, a Texas corporation, if any one, permitted Mike Kori to commit the acts of which complaint is made. Appellees did not allege that the Texas Company of Delaware had assumed the liabilities of the Texas Company. While the proof shows the Delaware corporation did assume the liabilities of the Texas Company, there was no pleading to support said proof, and, in the absence of pleading, said testimony cannot support the trial court's judgment.

If it could be said that there is sufficient evidence to show that the Texas Company of Delaware committed said tort, it at least became an issuable fact, and appellant having seasonably requested the trial court to file its findings of fact and conclusions of law and said court having failed so to do would necessitate a reversal of the trial court's judgment. Bida v. King (Tex. Civ. App.) 38 S.W.(2d) 118, and authorities there cited.

The judgment of the trial court is reversed, and the cause remanded.